UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL THOMPSON,

    Petitioner,

v.                                    Case No: 2:13-cv-150-FtM-29CM

STUART K. WHIDDON, Sheriff, MARC J. MOORE, Director of the Southern District Field Office, ANTHONY AIELLO, Asst. Field Office Director, ERIC HOLDER, Attorney General, JANET NAPOLITANO, Secretary of the Department of Homeland Security, and JOHN MORTON, Director of ICE,

    Respondents.

_____

**ORDER OF DISMISSAL**

This matter comes before the Court upon review of Respondent's Response (Doc. #7) and supporting exhibits (Doc. #7-1, Exhs. A-H); Respondent's Motion to Dismiss the Petition as Moot and Notice of Final Order of Removal (Doc. #12, Motion) and supporting exhibits (Doc. #12-1, Exhs. A-B), and Respondent's Notice of Petitioner's Removal (Doc. #16) and supporting exhibit consisting of the removal warrant executed June 26, 2014 (Doc. #16-1, Exh.

A.)[1] Petitioner has not filed a reply to either Respondent's Motion or the Response, likely as a result of his deportation from the United States. See docket. This matter is ripe for review.

**I.**

Petitioner Michael Thompson, a citizen of Jamaica, filed a pro se 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (Doc. #1, Petition), while detained at the Glades County Jail, on March 1, 2013. Petitioner challenges his mandatory detention pursuant to 8 U.S.C. § 1226(c).[2] Petitioner, inter alia, submits that he

---

[1]Petitioner named several Respondents. See Petition at 1. Rule 2(a) of the Rules Governing Section 2254 Cases in United States District Courts, which also applies to cases filed under § 2241, provides that applicants in "present custody" seeking habeas relief should name "the state officer having custody of the applicant as respondent." The Supreme Court has made clear that there "is generally only one proper respondent to a given prisoner's habeas petition." Rumsfield v. Padilla, 542 U.S. 426, 435 (2004). This is "'the person with the ability to produce the prisoner's body before the habeas court.'" Id. at 435-436. In this case, the Glades County Sheriff, Stuart Whiddon, was Petitioner's immediate custodian considering Petitioner was held at the Glades County Jail. All other named Respondents will be dismissed from this action.

[2]The Court recognizes that on January 28, 2015, Congress proposed amendments to 8 U.S.C. § 1226. One of those amendments removes subsection (e) of § 1226, entitled "Judicial Review." This subsection tried to limit judicial review of the Attorney General's discretionary judgment regarding the application of this statute. Nevertheless, the United States Supreme Court recognized in Demore v. United States, that subsection (e) does not deprive the federal courts of jurisdiction when a petitioner challenges the constitutionality of his/her detention under § 1226(c). Demore, 538 U.S. 510, 517 (2003).

was not immediately taken into ICE custody after completion of his criminal sentence; that he is not subject to § 1226(c); and, that he is entitled to an individualized bond hearing. Petition at 1-3. As relief, Petitioner seeks an individualized bond hearing and any other relief deemed appropriate by the Court. Id. at 5.

Respondent filed a Response opposing the Petition in its entirety. See Doc. #7. Respondent also filed a Motion to Dismiss the Petition as moot and attached supporting exhibits including in pertinent part a letter from the Board of Immigration Appeals denying Petitioner's appeal. Respondent contends that since the order of removal was entered, the Petition is governed by the post-removal order detention statute, 8 U.S.C. § 1231 (a), so the Petition challenging Petitioner's pre-removal detention order under 8 U.S.C. § 1226(c) is now moot. See generally Motion. Respondent subsequently filed a Notice of Removal and supporting exhibit showing that Petitioner was removed from the United States to his native country, Jamaica. Thus, Respondent submits that the Petition is currently moot due to Petitioner's removal from the United States. See generally Notice at 1 (citing Soliman v. United States, 296 F.3d 1237, 1243 (11th Cir. 2002)).

## II.

The uncontested factual history set forth in Respondent's Response is as follows: Petitioner, a native and citizen from

Jamaica, became a lawful permanent resident of the United States on December 1, 1990.  Response at 1-2.

On September 26, 2008, Petitioner was convicted of second degree murder with a deadly weapon, three counts of attempted second degree murder with a deadly weapon, and aggravated battery with a deadly weapon resulting in bodily harm in violation of Florida Statutes §§ 782.04(2), 775.087, 774.04, and 784.045(1)(a)(1).  Petitioner was sentenced to ten years in prison.

Petitioner completed his criminal sentence on August 13, 2012.  Petitioner was then transferred into the custody of U.S. Immigration and Customs Enforcement ("ICE") to initiate removal proceedings against him.  That same day, Petitioner was served with a Notice to Appeal ("NTA"), charging him with removability under § 237(a)(2)(B)(i) of the Immigration and Nationality Act ("INA") [8 U.S.C. § 1227(a)(2)(A)(iii))] for having been convicted of an aggravated felony.  Id. at 2.  In addition, ICE served Petitioner with a Notice of Custody Determination, advising him that he was being detained pursuant to Section 236 of 8 U.S.C. § 1226(c).

On August 22, 2012, ICE initiated removal proceedings against Petitioner by filing the NTA with the Immigration Court at the Krome Service Processing Center.  Id. at 3.

On March 1, 2013, Petitioner filed the instant habeas Petition. Id.

On April 17, 2013, the Immigration Judge conducted a merits hearing in Petitioner's removal proceedings. On that same day, the Immigration Judge denied Petitioner's applications for relief and ordered his removal to Jamaica. Petitioner waived his appeal. See Motion at 2.

On April 25, 2013, Petitioner filed a letter to the Immigration Judge requesting permission to withdraw his waiver of appeal. See generally Response at 3; Motion at 2. The Immigration Judge reopened Petitioner's proceedings and re-issued his oral order of removal for Petitioner. Motion at 3. As a result, Petitioner was given a new opportunity to reserve his right to appeal, which he seized. Id.

On October 10, 2013, the Board of Immigration Appeals issued a decision dismissing Petitioner's appeal, thereby rendering his removal order administratively final. Motion at 4. Rather than appealing this decision within thirty days to the Eleventh Circuit Court of Appeals, Petitioner pursued an appeal with the Ninth Circuit Court of Appeals. Id.

On October 16, 2013, Petitioner submitted a U-visa petition to the U.S. Citizenship and Immigration Services ("USCIS"). Id. at 5. Petitioner also filed a request to ICE seeking an

administrative stay of his removal order while the U-visa petition was pending. On January 3, 2014, ICE denied Petitioner's request for an administrative stay. However, under ICE policy, Petitioner was not removed until the USCIS had issued a *prima facie* determination of his eligibility for U-visa status. Id.

On June 26, 2014, Petitioner was removed from the United States. See Doc. #16; Doc. #16-1.

### III.

Petitioner does not contest that his criminal convictions subjected him to deportation under the INA. See Petition. Thus, Moncrieffe v. Holder, ___ U.S. ___, 133 S. Ct. 1678 (2013) is not applicable here. Id. (holding that if a non-citizen's conviction for a marijuana offense fails to establish that the offense involved either remuneration or more than a small amount of marijuana, it is not an aggravated felony under the INA). Nor, does the Petition challenge Petitioner's removal proceedings. See Lopez v. Gonzales, 549 U.S. 47 (2006) (finding that removal of an alien from the United States will not moot a challenge to the removal proceeding). In June 2013, Petitioner was removed from the United States. See Notice at 1.

"Article III of the Constitution restricts the power of federal courts to 'Cases' and 'Controversies.'" Chafin v. Chafin, ___ U.S. ___, 133 S. Ct. 1017, 1023 (2013). This case or

controversy requirement must be present through all stages of federal judicial proceedings. Id. A case "becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." Knox v. Serv. Emps., ___ U.S. ___, 132 S. Ct. 2277, 2287 (2012) (internal quotation marks omitted). Where a habeas petitioner who was protesting his detention is no longer in custody, the dispute with regard to his detention is deemed moot. Spencer v. Kemna, 523 U.S. 1, 7-8 (1998) (discussing "in custody" requirement of 28 U.S.C. § 2254).

In this case, it is undisputed that Petitioner has left the United States. See Notice; Exh. A. To the extent Petitioner sought an individualized bond hearing, and/or release from his confinement pending deportation, the Court can no longer give Petitioner any meaningful relief. See Soliman, 296 F.3d at 1243 (dismissing as moot an appeal of a § 2241 petition seeking release from a lengthy detention pending removal because the alien had been returned to his native country). Since Petitioner has already departed the United States, it is impossible for the court to grant any effective relief, and therefore the case is moot.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Respondents Marc Moore, Anthony Aiello, Eric Holder, Janet Napolitano, and John Morton are **DISMISSED**.

    2.   Respondent's Motion to Dismiss (Doc. #12) is **GRANTED**. The Petition is **dismissed without prejudice as moot**.

    3.   The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

    **DONE** and **ORDERED** in Fort Myers, Florida on this __23rd__ day of October, 2015.

                              */s/ John E. Steele*
                              JOHN E. STEELE
                              SENIOR UNITED STATES DISTRICT JUDGE

SA: ftmp-1
Copies: All Parties of Record